Spear, J.
The question in the case is: Did the acts of the public in omitting to do work on the road for fifteen years, and in establishing another road as a substitute for it, and use of the new by the great proportion of the public for eleven years, taken in connection with the acts of adjoining owners in fencing portions of the old road, work an abandonment of it ?
We think this question must be answered in the negative. However, the street in question may have been established, the right of the public can not have been less than if acquired by prescription. The easement thus acquired could be defeated only by a vacation in conformity with the statute or by nonuser by the public for such length of time as would amount to an abandonment of it. The former is not claimed. Could the right, when.so acquired, be lost by non-user in any less time than is necessary to acquire such right by prescription ?
A dedication to public use may be presumed when acts and declarations of the owner indicate a purpose to dedicate, though the use has been for a period less than twenty-one years; but in order to presume a grant or dedication from use by the public, and acquiescence alone by the owner, such use and acquiescence must have continued for the period necessary to bar an action to recover possession of the land. The acts and declarations relied upon as showing intention to *548 dedicate must be clear and unequivocal, but, when shown, they are effective. Intent of the public is not so easily shown. A practical difficulty is met at the outset, viz., that a majority, even a large one, can not, in such cases, speak for, or give away, the rights of even a small minority.
In this state, adverse possession by a claimant to the whole or a portion of a street within a municipal corporation, in order to bar the corporation from its rights of control and enjoyment, must be continued twenty-one years. And it seems reasonable to hold that non-user by the public, in order to work abandonment of such a street, must be shown to have been as long continued as its use originally was necessary to raise a prescriptive right, or as long as an adverse claimant must show possession in order to maintain title by force of the statute of limitations.
That the road in question had been neglected and allowed to become in bad condition, and proved impracticable of use in part, and had been substantially supplanted by another, we think can have no bearing on the case. It does not follow that right of use is lost because more convenient facilities are furnished. Nor did the fencing in of portions of the street suspend or defeat the public right. Such exclusive occupation, for the time stated, could not ripen into a right, or be taken as indicating a purpose on the part of the public.
It appears to be well settled by the authorities that in order to work abandonment by simple non-user of an easement, all acts of enjoyment must have totally ceased for the same length of time necessary to create th'e original presumption, and we hold that where non-user by the public, of a. street within a city is relied upon as proving an abandonment of it, such non-user must be shown to have continued for a period of twenty-one years.
The rule here- indicated, is one easy of application, is consistent with accepted law on the general subject, is in harmony with the spirit of our statute law as to streets, and will, we think, be found to be sustained by Washburn on Easements, 550 to 559 ; State v. Culver, 27 Am. Rep. 295; Ward *549 v. Ward, 7 Exch. 838 ; Corning v. Gould, 16 Wend. 531; 3 Kent’s Com. 451.
Abundant provision is made by statute, (see section 4661, 4683, 2652 and 2655), where á road or street becomes useless, for the vacation of a county road by the commissioners, a township road by the trustees, and a street in a city or village by the council thereof, or by the court of common pleas. And no good reason exists why the statutory remedy may not be resorted to in all cases where there has not been a clear non-user of the street by the public for the period of twenty-one years.

Judgment affirmed.